O

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHARF HAROUN and SAAD HAROUN, <br><br> Plaintiffs, <br><br> v. <br><br> HANY HAROUN; CHRISTINE HAROUN; JJ CORPORATION OF THE FLORIDA KEYS; SOUTHEAST QUALITY FOODS, INC.; and DOES 1-100, <br><br> Defendants. | CV-11-8132 RSWL (CWx) <br><br> **ORDER Re: Defendants' Motion to Dismiss Complaint [5]** |

Before the Court is Defendants Hany Haroun, Christine Haroun, JJ Corporation of the Florida Keys, Southeast Quality Foods, Inc.'s ("Defendants") Motion to Dismiss Complaint [5]. This Motion was set for hearing on December 13, 2011 and taken under submission on December 5, 2011. Having reviewed all the papers and arguments submitted pertaining to this Motion, **THE COURT NOW FINDS AND RULES AS FOLLOWS:**

The Court hereby **GRANTS** Defendants' Motion to Dismiss and **DISMISSES** the Complaint without leave to

1

amend due to lack of subject matter jurisdiction.

## I. BACKGROUND

At the heart of this action is a family dispute regarding the proper use of family trust fund money. Including the current Action, there are three different cases that arise out of the same set of facts. The following cases have been filed in three separate jurisdictions: (1) an initial action in Florida state court filed by Defendants, (2) a California Superior Court action filed by Plaintiffs, and (3) the current federal court Action in which Plaintiffs assert the same claims as in the California Superior Court action.

First, regarding the Florida state court action, on September 16, 2010, Defendant Hany Haroun (hereafter "Defendant Hany") filed a complaint ("Florida complaint") in Florida State Court against Plaintiff Ashraf Haroun (hereafter "Plaintiff Ashraf"). In the Florida complaint, Defendant Hany alleges that he and Plaintiff Ashraf entered into a partnership agreement to purchase real property in Florida for the construction of a Denny's restaurant ("the Florida property"). Defendant Hany alleges that he was the only financier of the Florida property and that Plaintiff Ashraf stole $400,000, earmarked for the Florida property, for his own personal use. In the Florida complaint, Defendant Hany asserts claims for (1) Breach of Florida Revised Uniform Partnership Act and (2) civil theft. The Florida action is currently

1 | set for trial in Florida state court on March 20, 2012.
2 |     Second, regarding the California Superior Court
3 | action, on November 3, 2010, Plaintiffs filed a lawsuit
4 | in California Superior Court making allegations that
5 | arise from the same factual circumstances as the
6 | Florida Complaint.  However, in the California Superior
7 | Court Complaint ("California complaint"), Plaintiffs
8 | allege that Defendants conspired to own the Florida
9 | property for themselves by misappropriating family
10 | trust fund money.  Plaintiffs allege that Defendants
11 | withdrew more that $513,000 from family trust funds and
12 | are now claiming that the money is their own.
13 | Plaintiffs allege that Defendant have used the family
14 | trust fund money without permission to purchase the
15 | Florida property.  As such, Plaintiffs asked the
16 | California Superior Court to order Defendants to hold
17 | the Florida property in constructive trust for the
18 | benefit of Plaintiffs.  Plaintiffs have also asked for
19 | partition of the Florida property.  On February 7,
20 | 2011, Defendants moved for a stay of the California
21 | Superior Court Action.  On April 5, 2011, the
22 | California Superior Court granted Defendants' Motion to
23 | Stay "due to the pending Florida action."
24 |     On September 30, 2011, Plaintiffs filed a Complaint
25 | in this Court against Defendants, which upon review, is
26 | essentially the same as the California complaint [1].
27 | On November 14, 2011, Defendants filed a Motion to
28 | Dismiss, alleging that this Court lacks subject matter

jurisdiction because the Florida State Court is currently exercising jurisdiction over the Florida property [5].

## II. DISCUSSION

A. <u>Judicial Notice</u>

Defendants request that the Court take judicial notice of ten documents associated with the California and Florida state court proceedings. Generally, a court may not consider material beyond the complaint in ruling on a Rule 12(b)(6) motion. See Fed. R. Civ. P. 12(b). However, "[a] court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment," as long as the facts noticed are not "subject to reasonable dispute." <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 689 (9th Cir. 2001) (citations omitted).

Pursuant to this standard, the Court hereby **GRANTS** Defendants' Request for Judicial Notice of the ten court documents from both the California and Florida state proceedings. The Court finds that these documents are a matter of public record and are not subject to reasonable dispute.

B. <u>Motion to Dismiss</u>

The Court **GRANTS** Defendants' Motion to Dismiss and hereby **DISMISSES** this matter for lack of subject matter jurisdiction.

The "prior exclusive jurisdiction" doctrine holds that "when one court is exercising in rem jurisdiction

over a res, a second court will not assume in rem jurisdiction over the same res." Marshall v. Marshall, 547 U.S. at 311.  Both actions, however, may proceed if they are "strictly in personam" but the court in which the second action was brought is without jurisdiction if the actions are "in rem or quasi in rem." Princess Lida of Thurn & Taxis v. Thompson, 305 U.S. 456, 466 (1939).

The rationale underlying this rule is that in "in rem or quasi in rem" actions, the court "must have control of the property which is the subject of the litigation in order to proceed with the case and grant the relief sought." Id.  "Although the doctrine is based at least in part on considerations of comity and prudential policies of avoiding piecemeal litigation, it is no mere discretionary abstention rule.  Rather, it is a mandatory jurisdictional limitation." State Eng'r v. S. Fork Band of Te-Moak Tribe of W. Shoshone Indians, 339 F.3d 804, 810 (9th Cir. 2003) (citations and internal quotation marks omitted)

Thus, under Princess Lida, the prior exclusive jurisdiction prevents a second court from having jurisdiction over an action when (1) the litigation in both the first and second fora are in rem or quasi in rem in nature, and (2) the relief sought requires that the second court exercise control over the property in dispute and such property is already under the control of the first court.  305 U.S. at 466; Dailey v.

5

National Hockey League, 987 F.2d 172 (3rd Cir. 1993) (applying the two-part test in Princess Lida to preclude a federal court from asserting jurisdiction over a matter in which the state court also involved the administration of trust funds).

As to the first requirement under Princess Lida, the Court finds that both actions involve the administration and restoration of money from a family trust and should thus be categorized as "quasi in rem." More specifically, the Florida complaint alleges that Plaintiffs misappropriated $400,000 from Defendants. In their answer, Plaintiffs allege that they did not misappropriate the $400,000, but rather, that those funds came from a family trust, in which the funds allegedly should have remained.  Similarly, in the present Action, Plaintiffs essentially file a counterclaim in this Court denying that they ever took money from Defendants and alleging that Defendants are actually the complicit party in misappropriating family trust money.

In analyzing the two concurrent actions, the Court finds that the "gravamen" of both the Florida complaint and the Complaint in this Action are, at their core, disputes about the use of family trust fund money and a disagreement about whether funds should be restored to the family trust.  State Eng'r, 339 F.3d at 810 (holding that when classifying a case as either quasi in rem, in rem, or in personam courts should not "exalt

form over necessity," but instead should "look behind the form of the action to the gravamen of a complaint and the nature of the right sued on").

Accordingly, as both the Florida state case and the current Action involve the restoration of funds to a trust and not "merely an adjudication of a [party's] right or . . . interest," the Court should conclude that both actions are "quasi in rem" within the meaning of the Supreme Court's decision in <u>Princess Lida</u>.  305 U.S. at 466.  In <u>Princess Lida</u>, trust beneficiaries brought suit alleging that trustees mismanaged trust funds and asked for a restoration of funds back into the trust.  <u>Id.</u> at 458-60.  Similarly, here, both cases are matters that directly relate to the management of trust funds and involve the question of whether it is proper to restore funds to that trust.  Though all parties brought their respective suits in their individual rather than in their trust capacities, this mere fact does not convert the suit into an "in personam action."  In examining the core issues and choosing not to "exalt form over necessity," this Court concludes that both the Florida state court case and the current Action are accurately classified as "quasi in rem" actions.  <u>State Eng'r</u>, 339 F.3d at 810.

As to the second <u>Princess Lida</u> requirement, the Court finds that it cannot take jurisdiction over this Action given that relief in this Action would require this Court to exercise control over trust funds that

7

are already under the control of the Florida state court.  More specifically, at the heart of the two actions is a dispute about who owns the money that was earmarked for use to purchase the Florida property. Thus, in order to effectively provide relief in the current Action, the Court would have to exercise control over the same trust fund that is at the center of the Florida state action.

This, however, cannot be done because it would create a "substantial risk of conflicting orders that could undermine the ability of either court to provide an effective remedy." Brayton v. Boston Safe Deposit & Trust Co., 937 F. Supp. 150, 152 (D.R.I. 1996); see also Feller v. Brock, 802 F.2d 722, 727-28 (4th Cir. 1986).  Accordingly, this Court finds that exercising jurisdiction in this case is precisely the type of legal disharmony that the Princess Lida court sought to avoid by mandating the application of the prior exclusive jurisdiction doctrine.

///
///
///
///
///
///
///
///
///

## IV. CONCLUSION

In sum, as both <u>Princess Lida</u> requirements are present in this matter, the Court does not currently have subject matter jurisdiction over this matter and hereby **GRANTS** Defendants' Motion to Dismiss and hereby **DISMISSES** this case without leave to amend.  <u>Chapman v. Deutsche Bank Nat'l Trust Co.</u>, 651 F.3d 1039, 1043 (9th Cir. 2011), (citing <u>Kline v. Burke Constr. Co.</u>, 260 U.S. 226, 229 (1922)).

**IT IS SO ORDERED.**
DATED: February 8, 2012

RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge